FAX or Internet

# UNITED STATES DISTRICT COURT
## for the
## District of Arizona

In the Matter of the Search of )
)
A tan, single story residential structure with a perimeter )
fence located at GPS coordinates 35.511805, )
-110.436697 which is approximately 500 feet east of ) Case No.   22-4102 MB
Arizona State Route 87 and 0.3 miles north of Indian )
Route 9901. )

## ELECTRONICALLY ISSUED SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer.

An application by a federal law enforcement officer for the government requests the search of the following person or property located in the     District of Arizona
*(identify the person or describe the property to be searched and give its location)*:
**See Attachment A.**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
**See Attachment B.**

I find that the affidavit(s), or any recorded testimony, have been communicated by reliable electronic means and establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     04/13/2022
                                                                *(not to exceed 14 days)*

[X] in the daytime  6:00 a.m. to 10 p.m.    [ ] at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the search warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a search warrant copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
    **Camille D. Bibles**    .
            *(Name)*

[ ] I find that immediate notification may have an adverse result as specified in 18 U.S.C. §3103a (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  [ ] for _____ days *(not to exceed 30)*.
                                                [ ] until, the facts justifying, the later specific date of _____.

Date and Time Issued: _____          **Camille D. Bibles**  Digitally signed by Camille D. Bibles
                                       Date: 2022.03.30 15:43:17 -07'00'
                                              *Judge's Signature*

City and State:   Flagstaff, Arizona          Hon. Camille D. Bibles, United States Magistrate Judge

| Return | | |
|---|---|---|
| Case No.: 22-4102mb | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing Officer's Signature*

_____
*Printed Name and Title*

FAX or Internet

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of:

A tan, single story residential structure with a perimeter )
fence located at GPS coordinates 35.511805, -110.436697 )
which is approximately 500 feet east of Arizona State )
Route 87 and 0.3 miles north of Indian Route 9901 )

Case No. 22-4102mb

## ELECTRONICALLY SUBMITTED APPLICATION FOR SEARCH WARRANT

I, FBI Special Agent Jenifer Mulhollen, a federal law enforcement officer for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on and within the following person or property:

**See Attachment A.**

located in the  District of Arizona  , there is now concealed:

**See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:

[X] evidence of a crime;

[ ] contraband, fruits of crime, or other items illegally possessed;

[X] property designed for use, intended for use, or used in committing a crime;

[ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section(s)* | *Offense Description(s)* |
|---|---|
| 18 U.S.C. §§ 1153, 113(a)(3) and 113(a)(6) | Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury (Indian Country) |

The application is based upon the following facts:

[X] Continued on the attached sheet (see attached **Affidavit**).

[ ] Delayed notice of _____ days (give exact ending date if more than ____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by: *s/ AUSA Emma Mark*

**Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: March 30, 2022

*Applicant's Signature*

Jenifer Mulhollen, Special Agent, FBI
*Printed Name and Title*

**Sworn by Telephone**
Date/
Time:

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2022.03.30 15:42:49 -07'00'

*Judge's Signature*

City and State:  Flagstaff, Arizona

Camille D. Bibles, United States Magistrate Judge
*Printed Name and Title*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**ELECTRONICALLY SUBMITTED AFFIDAVIT**

I, FBI Special Agent Jenifer J. Mulhollen, state under oath as follows:

1. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) since February 2013. As a SA of the FBI, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18. In the course of my official duties, I am charged with the investigation of crimes occurring on the Navajo Nation Indian Reservation (Navajo Nation) within the District of Arizona. Based on my training, education, and experience, I know that the Navajo Nation is a federally recognized tribe.

2. The information contained in this affidavit comes from my personal observations, my training and experience, and information obtained from other agents, officers and witnesses.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause, your Affiant has not included every fact known to your Affiant concerning this investigation.

**INTRODUCTION**

4. As more fully described below, this matter involves the investigation of a shooting that took place in the early morning hours of March 26, 2022, in the Dilkon District on the Navajo Nation Indian Reservation, located within the District of Arizona. The victim, K.B. was shot in the lower back.

5. This affidavit supports the application for a search warrant authorizing the search of Christopher Kanuho's residence, where the shooting is believed to have taken place. There is probable cause to believe that evidence of an assault with a deadly weapon and an assault resulting

1

in serious bodily injury, in violation of Title 18, United States Code, §§ 1153, 113(a)(3) and 113(a)(6) will be found at the residence. The residence is particularly described in **Attachment A**, and the evidence being sought is particularly described in **Attachment B.**

## INVESTIGATION/PROBABLE CAUSE

6. On March 26, 2022, the Dilkon Police Department contacted the FBI to report several 911 calls received by their dispatch center. At 4:05 AM, dispatch received a call from Rena Yazzie that someone came to her house and started ringing the doorbell, stating "there's a shooting a Christopher Kanuho's house." The individual then tried, unsuccessfully, to enter Rena's house.

7. Dilkon Police Officer Caitlin Morris responded to the area and contacted Rena Yazzie and her husband, Melvin Yazzie. Officer Morris asked Melvin if he had heard any gunshots in the area and Melvin pointed in the direction of Christopher Kanuho's residence.

8. Office Morris then contacted Emerson Preston near Rena and Melvin Yazzie's residence who admitted to knocking on doors in the area and causing damage to one of them. Emerson stated, "you can take me in, they are trying to kill me" and was arrested for criminal damage.

9. While in custody, Emerson stated that he was recently at Christopher Kanuho's residence. He indicated other people present included Keisha Kootswatewa, K.B., and "Ziggy." Emerson said that while inside a bedroom at Kanuho's house, Ziggy said "I'm calling my brothers" and two unknown men arrived. One man was holding a shotgun and one was holding a rifle. There was a commotion in the living room and Emerson fled the residence. As he was running away, Emerson heard five or six gunshots.

10. Around this same time, at 4:39 AM, dispatch received a call from an individual who identified himself as Damian. The call was relayed to Officer Morris. The caller stated that

2

he needed an ambulance north of Teesto at Gene and Irene Kanuho's residence because a woman had been shot. Damian stated that the woman was in the bathroom, and they were trying to help her.

11. According to residents in the area, Gene and Irene Kanuho are deceased and their son, Christopher Kanuho, currently resides at their home.

12. Officer Morris then drove to Christopher Kanuho's residence. Upon her arrival, she observed what appeared to be bullet holes through glass on the front door. Officer Morris took immediate action and entered the residence to ensure no one inside had been harmed and needed medical attention. When she kicked the door in, the glass shattered. Upon entering, Officer Morris observed shell casings on the floor as well as what appeared to be a pool of blood. No individuals were located inside of the residence.

13. On March 27, 2022, the FBI was informed that a woman was being transported to Flagstaff Medical Center with a bullet wound to her lower back. FBI Special Agents interviewed the woman, K.B., on March 28, 2022. K.B. was generally uncooperative, but did tell agents that she was shot by an unknown person near Teesto on March 26, 2022. K.B. recalled hearing two gunshots before her hearing was overwhelmed by the sound of ringing. After being shot, K.B. attempted to self-medicate for several hours until she asked her uncle to transport her to the hospital. Flagstaff Medical Center personnel informed K.B. a bullet was lodged in her spine and could not be removed.

14. On March 28, 2022, Gabriella Neido went to Christopher Kanuho's residence because her father, Damian Neido, was missing and she had received a Facebook message stating that her father might be at Christopher Kanuho's house. Gabriella observed blood at the residence and black jacket that she identified as belonging to her father. On the same day, she reported her father missing to the Dilkon Police Department.

3

## THINGS TO BE SEARCHED FOR AND SEIZED

15. Based on the foregoing, your Affiant seeks permission to search the residence described in **Attachment A** for evidence pertaining to the assault of K.B. Based on your Affiant's training and experience, it is known to your Affiant that blood evidence may be transferred and/or deposited during and after an assault and/or murder, particularly when a weapon is used and there is blood evidence and/or blood spatter. For example, blood may be left on items at or near where the assault/murder occurred and/or it may be transferred or left on the suspect/victim and/or the suspect's/victim's clothing. When a weapon is used, there is normally blood spatter, which can "spray" or be left on the floors, walls, and things nearby. While sometimes blood evidence is clearly visible, it often requires observation and analysis by forensic technicians in a laboratory setting to detect, analyze, and/or compare. Such evidence may corroborate the assault and assist in establishing where and how the incident occurred. Blood spatter is particularly useful in determining where a person may have been killed. In particular, your affiant seeks to search for and collect blood evidence, to include blood, dried blood, and/or substances that appear to be blood, which may be on the floors, walls, clothing, bedding, furniture, weapons, or items used to clean up the same (such as cloth towels, washcloths, or paper towels), as further described in **Attachment B**.

16. Your Affiant seeks permission to search for any cellular phones/devices in the residence, including any iPhones, smart phones, or flip phones. (If recovered, separate warrants will be sought to search such devices.) Based on your Affiant's training and experience, it is known that cellular phones are one of the primary modes of communication on the Navajo Indian Reservation. Cellular phones are used to call and text others, as well as to access the Internet. Cellular phones contain information that may show a person's movement, location, calls, texts, and related information, as well as the times those things occurred. Thus, they can be used to

4

determine or help determine a person's movement prior to a crime and possibly assist in determining the time of an incident and/or time of death. Thus, your Affiant seeks permission to search for and seized any devices in the residence.

17. Your affiant also knows that indicia of ownership, occupancy, and/or use of a residence is important in a criminal case. Such information may help establish the location of a crime, potential and/or likely suspects, and potential and/or likely witnesses. Based on your affiant's training and experience, indicia of ownership and occupancy includes such things as: mail (e.g., bills) that may be addressed to the occupant(s); driver's licenses and/or identification cards; personal property such as clothing that may identify the owners and/or occupants of the structure; and photographs of the owners and/or occupants at the structure.

18. The things to be searched for and seized are described further in **Attachment B**.

## CONCLUSION

19. This affidavit is sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose. Based on the foregoing, I request that the Court issue the proposed search warrant because there is probable cause to support that violations of federal law have occurred as described above.

20. Based on the information in this affidavit, your Affiant respectfully submits there is probable cause to believe that evidence described in **Attachment B** supporting an investigation related to violations of 18 U.S.C. §§ 1153, 113(a)(3) and 113(a)(6) will be discovered in the residence described in **Attachment A**.

**Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

_____          30 Mar 22
Jenifer Mulhollen                                Date
Special Agent, FBI

Sworn by Telephone

Date/Time: _____

**Camille D. Bibles**
Digitally signed by Camille D. Bibles
Date: 2022.03.30 15:42:15 -07'00'

Hon. Camille D. Bibles
United States Magistrate Judge

## ATTACHMENT A – PLACE/THING TO BE SEARCHED

**ADDRESS/LOCATION:** A residence located at GPS coordinates 35.511805, -110.436697 which is approximately 500 feet east of Arizona State Route 87 and 0.3 miles north of Indian Route 9901.

**DESCRIPTION OF HOUSE:** A tan in color single story residential structure with a perimeter fence.

**PHOTO ATTACHED:** Yes.





## ATTACHMENT B – THINGS TO BE SEARCHED FOR AND SEIZED

1. Any evidence of assault, including blood evidence, dried blood or substances that appear to be blood, which may be on the floors, walls, clothing, bedding, furniture, weapons, or items used to clean up same (such as cloth towels, washcloths, or paper towels).

2. Any weapons to include but not limited to firearms, projectiles, blunt instruments, and knives, that are in the residence or within the curtilage of the residence and which have appeared to have any blood, tissue (e.g., skin), or hair on them, that are in near proximity to any blood or substances that appear to be blood.

3. Any cellular phones/devices in the residence (If recovered, separate warrants will be sought to search such devices.)

4. Indicia of ownership, occupancy, and/or use of the residence, including such things as: mail (e.g., bills) that may be addressed to the occupant(s); driver's licenses and/or identification cards; personal property such as clothing that may identify the owners and/or occupants of the structure; and photographs of the owners and/or occupants at the structure.

5. Photographs of the residence and the things seized.